United States v. Smith is our final argument of the day. Mr. Butler. Good morning, Your Honor. May it please the court. This appeal presents a straightforward legal question. Did Illinois robbery criminalize reckless force? The answer is yes. The General Assembly imposed that threshold in its statutory scheme, and the Illinois Supreme Court has consistently affirmed that legislative command on at least three occasions. The most recent of them being in 2000 in People v. Sims, where the Illinois Supreme Court explained that although the jury instructions in a robbery trial omitted any mens rea, those instructions were, quote, appropriate, since the mental state of intent, knowledge, or recklessness could be inferred from the circumstances of the crime. What do we do about People v. Ramirez from 2023, where the Supreme Court, in interpreting that statute, said when a statute neither prescribes a particular mental state nor creates an absolute liability offense, then either intent, knowledge, or recklessness applies. In other words, the court is to determine what is the mental state for aggravated robbery. That's right. And there are certain offenses that the government points out where the court will infer a higher mental threshold, such as knowledge. The default rule is recklessness. Why? I point to two reasons why. The first of them, if we go back and look at People v. Sims. If the default rule is recklessness, why mention knowledge or willfulness? Why don't you just say—why wouldn't the Illinois legislature just say, mens rea is recklessness unless the statute provides otherwise? Because if you're reckless—I'm sorry, if you're willful, you're reckless. If you act knowingly, you're reckless. Right? Right. So why wouldn't it just say that? There are certain instances where it might go higher, but let me direct your attention to subsection C of the default provision, which says that knowledge, that certain conduct constitutes an offense, or knowledge of the existence, meaning or application of the statute defining an offense—here's the key—is not an element of the offense unless the statute clearly defines it as such. And that's the Illinois General Assembly telling the courts, look, for the most part, recklessness is going to apply, and that's what we take from subsection B. There may be exceptions where, based on parallel statutory provisions or other clear intent of the legislature, such as inserting the term willful, where a higher threshold, mens rea, of knowledge applies. But for the most part, it's recklessness. And we see that time and again in the Illinois Supreme Court interpreting the robbery statute. We have Banks—excuse me, White and Banks from 1977 and 1979 when the Illinois Supreme Court first held that robbery was an offense of general intent. We have Jones where the court, again, does not mince words. It says, quote, either intent, knowledge, or recklessness is an element of robbery even though the statutory definition of robbery does not expressly set forth a mental state. And we have Sims. And then most recently, in preparing for oral argument this week, learned that the Supreme Court just a few—the Illinois Supreme Court just a few weeks ago issued a decision concerning voluntary intoxication. That is People v. Greyer. The site's 2023 IL. Would you file a Rule 28 letter about that decision? I will, Your Honor. You must before oral argument. You cannot discuss at oral argument any case that has not been cited to the court. I apologize. I learned of it last night. I will next time have it in advance. And that case isn't necessary— You cannot discuss at oral argument any case that has not been cited to the court. Yes, Your Honor. We have a circuit rule to that effect. Yes, Your Honor. Would you address Brown? What do we do about United States v. Brown if we find in favor of you in this case? I think you can write an opinion that is perfectly reconcilable with Brown. And that's because Brown wisely reserved this robbery— The statutes, though, that we're addressing here and in Brown are nearly identical. Robbery comes from a different backdrop and a common law backdrop. A different what? In Brown— I just didn't hear you. Oh, I apologize. Brown discusses how carjacking is a distinct offense from robbery. It doesn't come with the same common law baggage. The carjacking offense doesn't have banks and white as a backdrop to understand why robbery is distinct from carjacking. We know, as a matter of fact, that robbery is a general intent offense. We don't have the same sort of clear command from the Illinois Supreme Court when it comes to carjacking. If you look then, fast forward to Sims in 2000. Sims describes robbery as a general intent offense and also as an offense of recklessness. And so the government's position that the common law terminology doesn't matter simply isn't apt in this case. We know that in Illinois, recklessness equates to general intent and knowledge equates to specific intent. So this court could stop there. We have these clear commands from the Illinois Supreme Court that recklessness applies to robbery. And that makes this case akin to this court's recent decision in considering the Illinois lookalike substance offense, Elyon. And just as Elyon addressed how the Illinois lookalike substance offense included advertising, which made it a mismatch, here, too, robbery encompasses recklessness, which makes it a mismatch. Even if this court wants further confirmation that Illinois robbery poses a categorical overbreath, I would direct the court to start by looking at drunk robberies. That is, drunk robberies are reckless robberies. And that satisfies or demonstrates how that clarifies or illustrates how the Illinois General Assembly's command that recklessness applies would sweep up reckless conduct. And so from 1979 to the end of 2012, when recklessness attached, every robbery that was committed while drunk was the defendant could not raise the defense of intoxication precisely because robbery nevertheless criminalized that conduct. Additionally, this court can look to the three examples that I cited, Hollingsworth, Bradford, and Lewis, which makes this case akin to the Sixth Circuit's analysis in White, where it analyzed Ohio aggravated robbery. And the facts of that Ohio aggravated robbery case, Knight, are just like Bradford and Hollingsworth, where the victim-centric perception of objectively reasonable perception of a threat force is what satisfies robbery's force element. If there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Certainly, counsel. Mr. Simpson. Good morning again, Your Honors. Scott Simpson for the United States. This court and the Supreme Court have said that we should ignore fringe possibilities and imaginative hypotheticals in applying the categorical approach. Needless to say, it's very imaginative to say that someone could recklessly commit an aggravated robbery. Conceivably, if the defendant's position were correct, you could conceivably have an encounter with someone, say, out on the sidewalk, and this is, again, when the pre-2013 statute was in effect, then walk away and find that person's property in your pocket and say, oh, no, I think I just violated the robbery statute. I shouldn't be so reckless. And according to the defendant's argument, Illinois would convict you. And it wouldn't just be robbery. It would be aggravated robbery. Now, not surprisingly, this court has already held that the pre-2013 Illinois aggravated robbery statute satisfies the element's cause. We recognize that that's the case of Chagoya Morales. We recognize that case did not actually have occasion to consider an argument that the crime could be committed recklessly. But at minimum, if this court were to rule in favor of the defense in this case, Chagoya Morales would no longer be good law. And the conclusion in that case is correct, we submit, even under Borden. Starting with the statute, the defendant has to use force or threaten the use of force and indicate verbally or by his actions that he or she is presently harmed with a firearm or a dangerous weapon. The word indicate connotes deliberate action. And the state law fully supports that interpretation as well. In affirming convictions for robbery crimes under the pre-2013 statute, the Illinois courts looked for facts that the defendant intended to communicate force. For example, you have the McMichael's decision. If I could summarize just a few of those decisions. And these are all in the briefs. You have the McMichael's decision. That's the one where the defendant told a store clerk to give him the money from the register, threatened to come around and get it himself, and at that point put his hand into his pocket suggesting that he had a weapon. The very fact that the court was looking for that affirmative indication of intent, that deliberate suggestion of force, shows that the court was requiring more than a reckless or accidental show of force. And you have the Fields decision. That's the one where the defendant was in a store, I believe, and saw the victim's open wallet and said, you're going to help me out with some of that because I have this, and then he put his hand in his pocket. Again, the court, in finding that that was robbery, emphasized those facts. And then Watson, also in our briefs. The court said the defendant, quote, ordered the employees of a credit union to give him all the money, became more and more agitated, never took his hand out of his coat pocket and made a point, the court said, of placing his hand still in the pocket on top of the counter and moving it toward the teller. Once again, the court was looking for and reciting facts that indicated a deliberate show of force. And one more, Bradford. I believe defense counsel mentioned this one. That's the case where the defendant robbed a grocery store and the court there said, quote, the evidence showed that defendants handed the cashier a note, the first line of which read, put all the money in the cash drawer in a bag. When the cashier, and again this is still quoting the court, when the cashier looked up from the note, the court said, one of the defendants moved his entire right hand into a camera bag which hung from his shoulder. They're looking for evidence of a deliberate show of force. And then affirming that conviction, the court said, quote, there was no doubt that such a movement under such circumstances constituted a threatening of the eminent use of force of such a nature likely to induce the cashier to part with the money against her will. So the state courts would not be looking for that kind of affirmative, deliberate indicia of force and reciting them in the course of upholding the convictions if the offense could be committed recklessly. Then there's Williams where the court rejected a contention that someone could be convicted of aggravated robbery if he simply happened to have his hand in his pocket behind his back or in his shirt sleeve or under his T-shirt. That's exactly what the defense here is contending, that someone can be convicted of aggravated robbery under the prior Illinois law based on a misunderstanding or accidentally suggesting force. But the case law, the state case law applying the statute indicates that that's simply wrong. And the state courts have said over and over that a subjective feeling of fear on the part of the victim is insufficient. That's in McMichaels. It's in Williams. It's in Hollingsworth which is also in the briefs and I believe defense counsel mentioned that one. So Mr. Smith, the defense here has not pointed to any Illinois decision that actually affirmed the conviction for robbery where the defendant recklessly conveyed force. If I could address just a couple of the arguments that the defense counsel mentioned in response to all of that. On the general mental state statute, I believe Judge Kirsch, you discussed that with defense counsel. The Brown decision is a big problem. It's a big problem for the defense in that regard. This court decided that just last year. And in that Brown decision, the importance of it is not that it involved, I believe it was carjacking. The importance of it isn't that it's involved carjacking versus robbery or whatever. The importance of Brown is that in Brown, this court rejected the contention that the state general mental state statute inserts a mental state of recklessness into any statute that does not expressly prescribe a mental state. That Brown decision just entirely gets rid of that argument. Basically then, what that mental state statute means, we believe, is that the mens rea required under each statute is intent or knowledge or recklessness as appropriate. That's reflected in what the courts do with that. They look at the statute and decide which of those mental states is indicated by this particular statute. And then you have this whole thing about general intent versus specific intent. I'll quote a tiny bit of what the Supreme Court said. I believe this may have been Justice O'Connor in the Voisin case. No, it couldn't have been O'Connor. 2016. The Supreme Court said, talked about this general intent versus specific intent dichotomy. And one of the things that that decision said was, whether and where conduct that we would today describe as reckless fits into that obscure scheme is anyone's guess. The distinction between specific intent and general intent is just that if it's a general intent crime, the state doesn't have to allege the intent in the indictment. But whether or not something is a general intent crime  in that reckless knowledge purpose range that the Supreme Court, in fact, talked about in Voisin. One final point, Your Honors. I think we need to keep in mind here that the Eighth Circuit has squarely held that the pre-2013 version of Illinois aggravated robbery, the very statute that we're talking about here, the Eighth Circuit in the Bragg decision in 2022, said that this very statute satisfies the elements clause in light of Borden, even discussing Borden. So if this court were inclined to rule against the government, it would involve, of course, creating a conflict with the Eighth Circuit, which would invoke the rule about polling the entire court. I wonder whether that's the case, though, because Bragg was talking about the deprivation mens rea and we're talking about the taking mens rea. I'm not saying Bragg's not persuasive for you, but I don't know that it's on all fours. Your Honor, that's a valid point. I would point out that we're talking here, I believe what Borden goes to is the force mens rea, but the court could try to distinguish Bragg, but it would be very close to say that it's not a circuit conflict. So, Your Honors, we would urge this court to affirm Bragg's sentence. Thank you. Thank you, Mr. Simpson. Anything further? Thank you, Your Honor. Three points in response. First, to pick up where the government left off regarding the common law versus model penal code taxonomy. The government hasn't addressed sins, and in Illinois, to put it simply, general intent equates to recklessness, specific intent equates to knowledge. Second, the government started by discussing how this court shouldn't rely on fringe possibilities. I would submit that drunk robberies are not fringe robberies at all. They occur all the time, and not only do we have drug robberies and instances of Illinois cases where the defendants withdrew their intoxication defense immediately after banks, but we also have the handful of cases that sure look like reckless robberies, although, to be sure, the court in those cases did not expressly say these are reckless robberies. And the government can list all the cases at once where the offense conduct is in the heartland of robbery. Again, to be sure, most robberies entail intent and knowledge, but the categorical approach is a matching exercise that concerns itself with the outer limits of the state offense. Illinois made a policy decision to define robbery broadly, and that is a decision that is entitled to deference in federal court, and this court is well aware of that. A lone example can suffice, hence the Sixth Circuit's decision in White where it relied on a state court case that also did not expressly mention recklessness. This court has even more. It has drunk robberies, it has banks, it has Jones, it has Sims, which all point in the same direction. Illinois robbery criminalizes recklessness, and that outer limit has federal sentencing consequences today. It presents a categorical mismatch with the elements clause. If there are no further questions, we'd ask that the court vacate and remand. Thank you very much, counsel. The case is taken under advisement, and the court will be in recess.